IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CUSHAAWN HARMON,

        Plaintiff,

                                Civil Action No.
                                9:10-CV-01290 (LEK/DEP)

   v.

J. HAMMILL, Sergeant; D. LaCLAIR,
Superintendent ; GETTMAN, Sergeant; C.
VOLPE, Nurse; Jane Doe, Nurse; T. DUMAS;
E. BJORK, Lieutenant; R. Brand, Officer; Fletcher,
Sergeant; and JOHN DOE, Officer,

        Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

CUSHAAWN HARMON, *Pro se*
09-A-1502
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN      ROGER W. KINSEY, ESQ
Attorney General of the State          Assistant Attorney General
of New York
The Capitol
Albany, NY 12224

HON. DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Cushaawn Harmon, a former New York State prison inmate, has commenced this action pursuant to 42 U.S.C. § 1983 against several named and unidentified "Doe" defendants employed by the New York State Department of Corrections and Community Supervision ("DOCCS") and assigned to work at the Franklin Correctional Facility ("Franklin"), in which Harmon was confined at the relevant times. In his complaint, plaintiff asserts claims of excessive force, unlawful retaliation, and deliberate medical indifference, and requests recovery of compensatory and punitive damages as well as an order directing his transfer out of Franklin.

On July 15, 2011, following the close of discovery, defendants filed a motion seeking summary judgment dismissing plaintiff's complaint. Dkt. No. 24. Following the filing of that motion a text notice was generated, advising that the motion would be taken on submission and had been referred to me for the issuance of a report and recommendation, and establishing deadlines for plaintiff to respond in opposition to the motion, and for the submission of a reply, if desired, by the defendants. *See* Dkt. Entry Dated 7/15/11. That text notice as well as a notice advising the

plaintiff of his deadline for responding to the summary judgment motion were sent to Harmon by regular mail on July 15, 2011, addressed to him at Franklin, the address reflected on the court's docket sheet.  *See id.* and Dkt. No. 26.  Those mailings were subsequently returned to the court as undeliverable in an envelope bearing the legend "inmate moved".  Dkt. No. 27.

A review of publically available information concerning DOCCS prisoners reveals that the plaintiff was discharged from custody on March 3, 2011.  *See*

*http://nysdocs.lookup.doccs.state.ny.us/GCA00P00/Wiq3/WINQ130*

(screenshot attached).  Despite this change in circumstances plaintiff has failed to provide the court and defendants' counsel with a new address to be used in communicating with him.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See*

*Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22,1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).[1] The power to of a court to dismiss an action for failure to prosecute is inherent and may be exercised *sua sponte*. *Lindsey*, 616 F. Supp. at 453 (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89*)* ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. *See* N.D.N.Y.L.R. 10.1(c)(2). As then-District Judge Pooler has noted,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.

---

[1] Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

> Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).  Plaintiff was specifically reminded of this obligation by order dated November 15, 2010, advising that he was required to promptly notify the clerk's office of any change in his address, and that his failure to do so would result in the dismissal of the action.  *See* Dkt. No. 5 at p. 8.

The question of whether to dismiss an action under Rule 41(b) for failure to comply with an order of the court and/or for failure to prosecute is informed by five factors including (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted).  Consideration of these relevant factors weighs heavily in favor of dismissal.  Plaintiff was placed upon notice of his obligation to apprise the court and his adversary of any change in address, but nonetheless failed to comply with that meaningful requirement.  It has now been nearly six months since plaintiff's release, and yet he has failed to provide the information necessary for the court and counsel to correspond with him concerning the action.  In addition, plaintiff has further evidenced his disinterest in the case by failing to respond in opposition to the pending motion for summary judgment.  Under these circumstances, it is hard to imagine that a sanction less than dismissal would be adequate to redress these failures, particularly since it appears clear that the court would be unable to communicate any such lesser sanction to the plaintiff.

Based upon the foregoing it is respectfully hereby

RECOMMENDED that plaintiff's complaint in this action be dismissed for failure to prosecute and to comply with a requirement of the

court that he provide information promptly concerning any change of address.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: August 25, 2011
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

# Department of Corrections and Community Supervision

SKIP TO CONTENT

- **About DOCS**
- DOCS Home Page
- Find a Facility
- Contact DOCS
- **Inmate Info**
- Inmate Lookup
- Inmate Info
- Family Guide
- Guía para la Familia
- Program Services
- PREA
- **Victim Services**
- Victim Services
- Servicios Víctima
- **News**
- News Room
- Reports/Publications
- Jobs Available
- Directives
- Rules & Regulations
- Contracts
- **Related Info**
- Related Links
- Corcraft
- Criminal Justice

DOCS

## Inmate Information

Inmate Information Data Definitions are provided for most of the elements listed below. When a detailed definition is available for a specific element, you may click on the element's label to view it.

### Identifying and Location Information
As of 08/25/11

| | |
|---|---|
| DIN (Department Identification Number) | 09A1502 |
| Inmate Name | HARMON, CUSHAAWN |
| Sex | MALE |
| Date of Birth | 09/22/1987 |
| Race / Ethnicity | BLACK |
| Custody Status | DISCHARGED |
| Housing Releasing Facility | FRANKLIN |
| Date Received (Original) | 03/24/2009 |
| Date Received (Current) | 03/24/2009 |
| Admission Type | |
| County of Commitment | KINGS |
| Latest Release Date / Type (Released Inmates Only) | 03/03/11 DISCH - MAXIMUM EXPIRATION |

### Crimes of Conviction

If all 4 crime fields contain data, there may be additional crimes not shown here. In this case, the crimes shown here are those with the longest sentences.

As of 08/25/11

| Crime | Class |
|---|---|
| BURGLARY 3RD | D |

## Sentence Terms and Release Dates

Under certain circumstances, an inmate may be released prior to serving his or her minimum term and before the earliest release date shown for the inmate.

As of 08/25/11

| | |
|---|---|
| Aggregate Minimum Sentence | 0001 Years, 00 Months, 00 Days |
| Aggregate Maximum Sentence | 0003 Years, 00 Months, 00 Days |
| Earliest Release Date | |
| Earliest Release Type | |
| Parole Hearing Date | |
| Parole Hearing Type | FULL MAXIMUM |
| Parole Eligibility Date | |
| Conditional Release Date | 03/03/2011 |
| Maximum Expiration Date | 03/03/2011 |
| Maximum Expiration Date for Parole Supervision | |
| Post Release Supervision Maximum Expiration Date | |
| Parole Board Discharge Date | |



Page 1

Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)

(Cite as: 1996 WL 481534 (N.D.N.Y.))

C

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,
v.
Kevin LUNDRIGAN, C.O., Defendant.
No. 96-CV-1190 (RSP/RWS).

Aug. 22, 1996.

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

*1 By Order dated February 5, 1996 ("Order"), I approved the Order and Report-Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility-Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95-CV-1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)

(Cite as: 1996 WL 481534 (N.D.N.Y.))

on Steven A. Smith, Esq., attorney for the defendant.

**\*2** IT IS SO ORDERED.

N.D.N.Y.,1996.

Freeman v. Lundrigan
Not Reported in F.Supp., 1996 WL 481534 (N.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 9:10-cv-01290-LEK-DEP   Document 28   Filed 08/25/11   Page 12 of 14



Page 1

Not Reported in F.Supp., 1994 WL 9688 (S.D.N.Y.)

(Cite as: 1994 WL 9688 (S.D.N.Y.))

Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

George RODRIGUEZ, Plaintiff,
v.
Captain WALSH, # 855, Defendant.
No. 92 CIV. 3398 (PKL).

Jan. 14, 1994.

George Rodriguez, pro se.

Antonia Kousoulas, Asst. Corp. Counsel, New York City Law Dept., New York City, for defendant.

MEMORANDUM ORDER

LEISURE, District Judge.

**\*1** Plaintiff George Rodriguez, proceeding *pro se,* filed this action on May 11, 1992 pursuant to 42 U.S.C. § 1983. On May 15, 1992 this action was referred to the Honorable Theodore H. Katz, United States Magistrate Judge, Southern District of New York, for all purposes including dispositive motions. On July 20, 1993 defendant moved for an order dismissing the complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). On October 27, 1993 Magistrate Judge Katz filed a Report and Recommendation (the "Report") in this matter finding that, even exercising the additional patience which the United States Court of Appeals for the Second Circuit ("Second Circuit") requires when cases involve *pro se* litigants, the defendant's motion to dismiss should be granted, and that the action should be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days, after being served with a copy of the Report, to file written objections to Magistrate Judge Katz's Report and Recommendation.[FN1] Although the time to object has expired, no objections have been received by the Court or by Magistrate Judge Katz. Nevertheless, the Court has undertaken a *de novo* review of the record. Based upon that review, the Court, as discussed below, adopts the Report and Recommendation in its entirety.

The Court's historical power to dismiss an action for failure to prosecute a case is codified in Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part:

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

See also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Minnette v. Time Warner,* No. 92-7951, slip op. at 4431, 4437, 1993 WL 233525, at \*3 (2d Cir. June 30, 1993) ("[a] district court may, *sua sponte,* dismiss an action for lack of prosecution pursuant to Fed.R.Civ.P. 41(b)." (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir.1982))).

While dismissal of an action for failure to prosecute is " 'a harsh remedy to be utilized only in extreme situations,' " Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir.1986) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir.1972) (per curiam)), this sanction is necessary to allow courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link,* 370 U.S. at 630. *See, e.g.,* Peart v. City of New York, 992 F.2d 458, 461 (2d Cir.1993) (affirming dismissal with prejudice where plaintiff's counsel failed to comply with two Court orders and otherwise demonstrated a lack of respect for the Court); Ali v. A & G Co., 542 F.2d 595, 596 (2d Cir.1976) (affirming dismissal with prejudice

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1994 WL 9688 (S.D.N.Y.)

(Cite as: 1994 WL 9688 (S.D.N.Y.))

where counsel failed to appear for trial despite no showing of delay).

***2** In the instant case, plaintiff failed to perform any pre-trial discover or failed to take any steps to prosecute the action, since filing the Complaint over twenty months ago. Plaintiff failed to submit a pre-trial activity report as instructed by the Court, and failed to respond to Magistrate Judge Katz's repeated requests to schedule pre-trial discovery. Moreover, plaintiff failed to respond to any of defendant's discovery requests and failed comply with the Court's order to attend a pre-trial conference scheduled for June 9, 1993. Plaintiff's failure to appear occurred despite the Court's express warning that failure to attend could result in dismissal of the action. At the June 9, 1993 conference, defendant discussed with Magistrate Judge Katz the instant motion to dismiss for failure to prosecute. The motion was filed on July 20, 1993. Plaintiff submitted no opposition to the motion, and has not objected to Magistrate Judge Katz's Report.

Before dismissal is ordered, a court in this Circuit should give *pro se* litigants some notice of the consequences of their actions. Bobal v. Rensselaer Polytechnical Institute, 916 F.2d 759, 764 (2d Cir.1990). Here, plaintiff was given numerous warnings of the possibility of dismissal. First, Magistrate Judge Katz expressly informed plaintiff of the possibility of dismissal. Second, defendant's motion papers made it abundantly clear that dismissal could result from plaintiff's failure to respond to defendant's discovery requests. Third, plaintiff had an opportunity to object to Magistrate Judge Katz's Report. Accordingly, plaintiff was properly notified of the possibility of dismissal.

There is no explanation for plaintiff's failure to pursue the action, or his failure to appear at the pretrial conference.[FN2] Under these circumstances, it is appropriate for the Court to conclude that plaintiff has abandoned the action and to dismiss the action with prejudice.

CONCLUSION

The Court has reviewed the Report and finds it legally correct and proper. For the foregoing reasons, IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Katz, dated October 27, 1993, is affirmed and adopted in its entirety. Accordingly, defendant's motion is hereby granted, and the action is dismissed with prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

SO ORDERED.

FN1. Fed.R.Civ.P. 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation." *See also* Fed.R.Civ.P. 6(e) (additional three days for mail).

FN2. It may be of some moment that plaintiff was paroled on February 26, 1993.

S.D.N.Y.,1994.

Rodriguez v. Walsh
Not Reported in F.Supp., 1994 WL 9688 (S.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)

(Cite as: 1996 WL 172699 (N.D.N.Y.))

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL FACILITY STAFF, Defendant.
No. 95-CV-1525 (RSP/RWS).

April 10, 1996.

Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

***1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* 1994 W.L. 9688, at *1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at *1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

N.D.N.Y.,1996.

Dansby v. Albany County Correctional Facility Staff
Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)
END OF DOCUMENT